UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE PETERSEN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MEKISHA BUYARD,<br><br>　　　　Defendant. | No.  1:20-cv-00954-DAD-EPG<br><br>SCREENING ORDER<br><br>ORDER FINDING SERVICE OF COMPLAINT APPROPRIATE FOR DEFENDANT MEKISHA BUYARD FORWARDING SERVICE DOCUMENTS TO PLAINTIFF<br><br>(ECF NO. 1) |

Plaintiff Kyle Petersen ("Plaintiff") is a federal inmate proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on July 9, 2020. (ECF No. 1). The Complaint brings a single claim under the Fourth Amendment concerning the search of his cellular telephones. The Court finds that Plaintiff's complaint sufficiently states a claim to proceed past screening and directs service to proceed.

**I.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by inmates seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the inmate has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

1  monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).
2  As Plaintiff is proceeding *in forma pauperis*, the Court may also screen the complaint under 28
3  U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid,
4  the court shall dismiss the case at any time if the court determines that the action or appeal fails to
5  state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

6        A complaint is required to contain "a short and plain statement of the claim showing that
7  the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not
8  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
9  conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*
10 *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual
11 matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting
12 *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this
13 plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not
14 required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681
15 (9th Cir. 2009) (citation and quotation marks omitted). Additionally, a plaintiff's legal
16 conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

17       Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal
18 pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that
19 pro se complaints should continue to be liberally construed after *Iqbal*).

20 **II.  PROCEDURAL BACKGROUND**

21       The allegations in Plaintiff's complaint relate to several other actions.

22       **A.  Allegations in This Complaint**

23       Plaintiff alleges as follows:

24       Defendant Mekisha Buyard ("Defendant") was Plaintiff's parole officer. Plaintiff's parole
25 conditions included a search clause that subjected him to searches "by a probation officer, an
26 agent or officer of the California Department of Corrections and Rehabilitation, or any other
27 peace officer at any time of the day or night, with or without a warrant, with or without cause."
28       Defendant seized Plaintiff's cell phone and sent it to Homeland Security Investigations

("HSI"), between May 23 and 26, 2017. Between July 6 and September 23, 2017, Defendant sent four more of Plaintiff's cell phones to HSI. The HSI agents are federal agents and are not probation officers or agents or officers of the California Department of Corrections and Rehabilitation ("CDCR"). Thus, the searches were not authorized by Plaintiff's parole conditions. As such, the searches violated the Fourth Amendment.

Plaintiff refers to and requests the Court to take judicial notice of his criminal case in this district, *United States v. Petersen*, 1:17-cr-00255-NONE-SKO ("Criminal Case").[1]

### B. Conviction

Plaintiff moved to suppress the same evidence in the Criminal Case. On October 8, 2018, Plaintiff moved "to suppress: (1) evidence obtained from the warrantless search by Homeland Security Investigations (HSI) of a Unimax Model u673 cellular phone seized on May 23, 2017; [and] (2) evidence obtained from the warrantless search by Homeland Security Investigations (HSI) of a LG Model MS210 cellular phone seized on July 6, 2017[.]" Criminal Case, ECF No. 24 at 1. He argued that his "parole conditions authorize a 'probation officer, an agent or officer of the California Department of Corrections and Rehabilitation, or any other peac[e] officer' to search his property and residence. Peace officer is defined by California Penal Code 830.1. The definition does not include federal agents. As a result, the search exceeded the scope of Defendant's parole conditions and violated his expectation of privacy and rights under the Fourth Amendment." *Id*. at 7. After the parties agreed to a "stipulation, the evidence analyzed by HSI from the cell phone searches (Model U673 and Model MS210) that occurred on May 23 and July 6, 2017 [was] suppressed" in the Criminal Case. Criminal Case, ECF No. 34 (minute order).

Thereafter, Plaintiff pleaded guilty. Criminal Case, ECF No. 67 at 1 (judgment, noting guilty plea to count 1 of the indictment).

### III. SECTION 1983

The Civil Rights Act under which this action was filed provides:

///

---

[1] The Court may take judicial notice of court records. Fed. R. Evid. 201(b); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir.1980) (recognizing that under Federal Rule of Evidence 201, "a court may take judicial notice of its own records in other cases"). The Court will take judicial notice of its own records in other cases.

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979*)); see also Chapman v. Houston Welfare Rights Org*., 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs*., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must

4

be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

## IV. ANALYSIS OF PLAINTIFF'S CLAIM

The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV.

"[T]he ultimate touchstone of the Fourth Amendment is 'reasonableness,'" and thus, "[w]here a search is undertaken by law enforcement officials to discover evidence of criminal wrongdoing, . . . reasonableness generally requires the obtaining of a judicial warrant." *Riley v. California*, 573 U.S. 373, 381-82 (2014) (second alteration in original) (internal quotation marks and citations omitted). "In the absence of a warrant, a search is reasonable only if it falls within a specific exception to the warrant requirement." *Id.* at 382.

In *Riley*, the Supreme Court held that a warrant is generally required to search a cell phone seized incident to arrest. 573 U.S. at 401, 403. In so holding, the Supreme Court recognized that modern cell phones are "a pervasive and insistent part of daily life" with "vast quantities of personal information" that "hold for many Americans 'the privacies of life.'" *Id.* at 385, 386, 403 (quoting *Boyd v. United States*, 116 U.S. 616, 630 (1886)). "The fact that technology now allows an individual to carry such information in his hand does not make the information any less worthy of the protection for which the Founders fought." *Riley*, 573 U.S. at 403.

The Ninth Circuit has held that the reasoning in *Riley* applies to warrantless, suspicionless searches of probationers' cell phones, *United States v. Lara*, 815 F.3d 605, 612 (9th Cir. 2016), but has declined to extend *Riley* to parolees, *United States v. Johnson*, 875 F.3d 1265, 1273-76 (9th Cir. 2017); *cf. United States v. Korte*, 918 F.3d 750, 756 (9th Cir. 2019) (holding that warrantless placement of GPS tracker on parolee's car did not violate Fourth Amendment).

In declining to extend *Riley* to parolees, the Ninth Circuit explained that "status as a

parolee significantly diminishes one's privacy interests as compared to the average citizen." *Johnson*, 875 F.3d at 1273. "'[P]arole is an established variation on imprisonment of convicted criminals' and granted only 'on the condition that the prisoner abide by certain rules during the balance of the sentence.' Parolees are thus subject to various state-imposed intrusions on their privacy, including mandatory drug tests, meetings with parole officers, and travel restrictions." *Id.* (quoting *Samson v. California*, 547 U.S. 843, 850, 851 (2006)). "California law also specifically provides that all parolees shall be 'subject to search or seizure by a probation or parole officer or other peace officer at any time of the day or night, with or without a search warrant or with or without cause.'" *Johnson*, 875 F.3d at 1274. Thus, despite the importance of cell phone privacy, and the amount and character of data that can be contained in or accessed through it, "and the corresponding intrusiveness of a cell phone search," a warrantless search of a parolee's cell phone pursuant to applicable state law is not unreasonable and does not violate the Fourth Amendment. *See id.* at 1274-75.

However, a parole search is reasonable and proper only if it complies with applicable state law. *United States v. Garcia-Cruz*, 978 F.2d 537, 541 (9th Cir. 1992) ("A parole search is proper if conducted in a manner consistent with state law."). "Only after the meaning and scope of a [parole] search clause are determined, under state law, does the federal Fourth Amendment analysis begin." *United States v. King*, 736 F.3d 805, 807 n.3 (9th Cir. 2013); *accord United States v. Cervantes*, 859 F.3d 1175, 1183 (9th Cir. 2017), *as amended on denial of reh'g and reh'g en banc* (Sept. 12, 2017) ("A search of a parolee that complies with the terms of a valid search condition will usually be deemed reasonable under the Fourth Amendment.").

Here, Plaintiff alleges the searches of his cell phones were not conducted pursuant to a warrant and they were not authorized by his parole conditions. Construing Plaintiff's complaint liberally, and in light of the government's agreement to suppress the evidence in the Criminal Case, the Court finds Plaintiff has stated a Fourth Amendment claim sufficient to proceed past the screening stage.

**V.   ORDER**

The Court finds that Plaintiff has, for screening purposes, sufficiently stated a claim

against Defendant Buyard for violation of Plaintiff's Fourth Amendment rights. As such, the Court orders that this case proceed against Defendant Buyard for violation of Plaintiff's Fourth Amendment rights against unreasonable searches and seizures.

Accordingly, it is HEREBY ORDERED that:

1) In accordance with 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c), the Court has screened and found service of the complaint appropriate. If a defendant either waives service or is personally served, the defendant is required to reply to the complaint. 42 U.S.C. § 1997e(g)(2).

2) Service shall be initiated on the following Defendant:

Mekisha Buyard, a parole agent, employed by the California Department of Corrections and Rehabilitation, Adult Parole Operations, between May 23 and May 26, 2017.

3) The Clerk of Court shall SEND Plaintiffs one (1) USM-285 form; one (1) summons; a Notice of Submission of Documents form; an instruction sheet; and one (1) copy of the complaint filed on August 8, 2020 (ECF No. 1).

4) Within **thirty (30) days** from the date of service of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

a. A completed summons for Buyard;

b. A completed USM-285 form for Buyard; and

c. Two (2) copies of the complaint filed on July 9, 2020 (ECF No. 1).

5) Plaintiff need not attempt service on Defendant and need not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshals Service to serve Defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

IT IS SO ORDERED.

Dated: **September 23, 2020**    /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

7