UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE PETERSEN,<br><br>  Plaintiff,<br><br>  v.<br><br>MEKISHA BUYARD,<br><br>  Defendant. | No. 1:20-cv-00954-DAD-EPG<br><br>ORDER FOR BRIEFING CONCERNING STAY OF THIS ACTION |

Plaintiff Kyle Petersen ("Plaintiff"), a federal prisoner proceeding *pro se* and *in forma pauperis*, commenced this action by filing a civil-rights complaint pursuant to 42 U.S.C. § 1983 on July 9, 2020. (ECF No. 1). Plaintiff's complaint alleges that Defendant Mekisha Buyard, his former parole agent, violated his Fourth Amendment rights by sending his cellular phones to federal agents in a manner not permitted by his parole conditions.

These searches—and others—were at issue in Plaintiff's criminal case, *United States v. Petersen*, 1:17-cr-00255-NONE-SKO ("Criminal Case").[1] Plaintiff was convicted in that case and has appealed his conviction to the Ninth Circuit. *See United States v. Peterson*, No. 19-10246 (9th Cir.). That appeal is still pending before the Ninth Circuit.

This action is one of four related cases pending in this district. The other three cases have

---

[1] The Court may take judicial notice of court records. Fed. R. Evid. 201(b); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir.1980) (recognizing that under Federal Rule of Evidence 201, "a court may take judicial notice of its own records in other cases"). The Court takes judicial notice of its own records in the other cases discussed in this order.

been stayed pending Plaintiff's appeal. *See Petersen v. Sims*, 1:20-cv-00884-DAD-EPG, ECF No. 15 (in order staying case, "the issue decided by the Ninth Circuit—whether the forensic images from plaintiff's cell phones were obtained in violation of the Fourth Amendment and should be suppressed in the criminal case—is clearly relevant to resolution of this civil action"); *Petersen v. Sims, et al.*, 1:19-cv-00138-DAD-EPG, ECF No. 70 ("This Court recommends staying this matter pending the Ninth Circuit appeal because issues pending before the Ninth Circuit may affect the outcome here."), ECF No. 81 (adopting findings and recommendations in full); *Petersen v. Buyard*, 1:20-cv-00999-DAD-EPG, ECF No. 7 ("Plaintiff has appealed a denial of his motion to suppress various searches to the Ninth Circuit and has also brought this civil-rights claim concerning that same searches. Given the overlap, it is appropriate to stay Plaintiff's civil-rights case until his appeal is complete."), ECF No. 9 (adopting findings and recommendations in full).

Accordingly, IT IS HEREBY ORDERED that within fourteen days from the date of service of this order, each party shall submit a brief addressing whether this action should also be stayed pending the resolution of Plaintiff's appeal before the Ninth Circuit.

IT IS SO ORDERED.

Dated:   **February 23, 2021**          /s/ *Erica P. Grosjean*
                                        UNITED STATES MAGISTRATE JUDGE

2