UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE PETERSEN, | No. 1:20-cv-00954-DAD-EPG |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING STAYING THIS ACTION PENDING COMPLETION OF PLAINTIFF'S APPEAL TO THE NINTH CIRCUIT |
| v. | |
| MEKISHA BUYARD, | |
| Defendant. | TWENTY-ONE-DAY DEADLINE |

Plaintiff Kyle Petersen ("Plaintiff"), a federal prisoner proceeding *pro se* and *in forma pauperis*, commenced this action by filing a civil-rights complaint pursuant to 42 U.S.C. § 1983 on July 9, 2020. (ECF No. 1). Plaintiff's complaint alleges that Defendant Mekisha Buyard ("Defendant"), his former parole agent, violated his Fourth Amendment rights by sending his cellular phones to federal agents in a manner not permitted by his parole conditions.

Plaintiff pleaded guilty to federal offenses in a case in this district. Plaintiff's appeal, which is currently pending before the Ninth Circuit, deals with issues that are intertwined with issues in this case. Resolving the issues before the Ninth Circuit may be necessary to determine the issues herein. In addition, the Court has stayed Plaintiffs' three other cases stemming from related searches—including one against Defendant Buyard. Therefore, the Court recommends staying this action pending the resolution of Plaintiff's appeal in his criminal case.

///

I.   **BACKGROUND**

  A.   **Criminal Case**

This case relates to Plaintiff's criminal conviction for child-pornography offenses in *United States v. Peterson*, 1:17-cr-00255-NONE-SKO (E.D. Cal.) ("District Court Criminal Case").[1] The District Court Criminal Case came about after Defendant searched Plaintiff's cellular phones during several parole searches. Relevant here, Defendant searched Plaintiff's Unimax and LG cell phones in 2017 ("Relevant Phones"). Defendant sent the Relevant Phones to Homeland Security Investigation agents Anthony Sims, Jr., and Nicholas Torres for forensic searches. Some of the forensic searches were suppressed pursuant to a stipulation between Plaintiff and the United States.

Later, the United States searched the Relevant Phones again, but this time with a warrant ("Subsequent Searches"). Plaintiff moved to suppress the Subsequent Searches. His motion was denied.

Plaintiff pleaded guilty but maintained his right to appeal. In his appeal pending before the Ninth Circuit, Plaintiff contends that Defendant's parole searches were unconstitutional. *United States v. Petersen*, No. 19-10246, Dkt. 9 at 37 (9th Cir.) ("Criminal Appeal") ("It follows, therefore, that the parole searches were unlawful and that the exclusionary rule bars the admission of the evidence that was the fruit of those unlawful searches.").[2]

  B.   **Civil Cases**

This case is one of four related cases in this district, three of which have already been stayed. *See Petersen v. Sims, Jr.*, 1:20-cv-00884-DAD-EPG (stayed); *Petersen v. Sims*, 1:20-cv-00884-DAD-EPG (stayed); *Petersen v. Buyard*, 1:20-cv-00999-DAD-EPG (stayed).[3] In this action, Plaintiff contends that Defendant violated his Fourth Amendment rights by sending the Relevant Phones to Sims and Torres for forensic searches because, as federal agents, any searches they conducted were unauthorized by his parole conditions. (*See* ECF No. 1 at 4-5, 7-8).

---

[1] The Court takes judicial notice of this case. *See* Fed. R. Evid. 201(b); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir.1980) (recognizing that under Federal Rule of Evidence 201, "a court may take judicial notice of its own records in other cases").
[2] The Court takes judicial notice of this case. *See Wilson*, 631 F.2d at 119.
[3] The Court takes judicial notice of theses cases. *See Wilson*, 631 F.2d at 119.

Defendant filed a motion to dismiss on April 12, 2021 arguing, in part, that her searches were constitutional and that she was entitled to send the phones to parole agents under California law. (ECF No. 23).

### C. Briefing for Stay

On February 23, 2021, the Court ordered that the parties provide briefing concerning whether this action should be stayed pending the resolution of the Criminal Appeal. (ECF No. 15). Defendant filed such briefing on March 9, 2021. (ECF No. 18). Defendant argued that this action should be stayed because the searches at issue here relate to the issues in the Criminal Appeal. Plaintiff filed his briefing on April 12, 2021. (ECF No. 24). Plaintiff argues that the Court implied that it was considering staying this action under the doctrine of collateral estoppel, which does not apply here.

## II. LEGAL STANDARDS FOR A STAY

"[A] district court may stay a case 'pending before it by virtue of its inherent power to control the progress of the cause so as to maintain the orderly processes of justice[.]'" *Ryan v. Gonzales*, 568 U.S. 57, 74 (2013) (quoting *Enelow v. New York Life Ins. Co.,* 293 U.S. 379, 382 (1935)).

When a plaintiff's civil-rights lawsuit relates to a pending or potential criminal case, district courts often stay the civil rights action until the criminal case is complete. *See Wallace v. Kato*, 549 U.S. 384, 393–94 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."); *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 762 (9th Cir. 1991) (where plaintiff argued statute of limitations did not bar his action because he would have been collaterally estopped from bringing a civil rights action, noting plaintiff "could have filed his civil rights action within the limitations period and then asked the district court to stay that action pending the outcome of his habeas petition. Once his conviction was reversed, there could have been no collateral estoppel effect of any kind on his civil rights claims"); *Rhoden v. Mayberg*, 361 F.

App'x 895, 896 (9th Cir. 2010) (unpublished) (vacating dismissal and remanding for entry of stay for civil detainee's civil-rights lawsuit that related to ongoing civil-commitment proceedings).

### III. ANALYSIS

The Court recommends staying this action until the Ninth Circuit resolves the Criminal Appeal.

Plaintiff argues at the Ninth Circuit that Defendant's searches of his phones were unconstitutional. Criminal Appeal, Dkt. No. 9 at 37. In her pending motion to dismiss, Defendant argues that her searches were constitutional and, therefore, so was her decision to provide the cell phones to Sims and Torres. (ECF No. 23 at 15-20). Thus, the issues in this case are related to the Criminal Appeal. It is possible that a holding by the Ninth Circuit could resolve, or assist the resolution of, Defendants' motion to dismiss. Moreover, entering a stay will ensure this case's conclusion about the searches on the Relevant Phones is consistent with the Ninth Circuit's, should the Ninth Circuit address that issue. Accordingly, the Court recommends entering a stay. *See Wallace*, 549 U.S. at 393-94; *Rhoden*, 361 F. App'x at 896.

### IV. CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, it is HEREBY RECOMMENDED that:

1. This action be stayed, pending completion of Plaintiff's appeal concerning the searches of his cellular phones; and
2. Within 30 days of Plaintiff receiving an opinion from the Ninth Circuit concerning his appeal, Plaintiff be ordered to file such opinion together with a statement regarding whether he still wishes to proceed in this action.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

\\\

\\\

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **April 15, 2021**              /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE