UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE PETERSEN,<br><br>    Plaintiff,<br><br> v.<br><br>MEKISHA BUYARD,<br><br>    Defendant. | No.  1:20-cv-00954-DAD-EPG (PS)<br><br>ORDER REQUIRING PLAINTIFF TO FILE OPPOSITION OR STATEMENT OF NON-OPPOSITION TO DEFENDANT'S MOTION TO DISMISS<br><br>(ECF No. 23) |

   On April 15, 2021, the Court entered findings and recommendations, recommending that this action be stayed pending the Ninth Circuit's decision on the appeal of Plaintiff's criminal case. (ECF No. 25). On May 3, 2021, the Ninth Circuit issued a decision. *United States v. Peterson*, 995 F.3d 1061 (9th Cir. 2021).

   Also on May 3, 2021, Plaintiff filed a motion for an extension of time, requesting a sixty-day extension of the time to file an opposition to Defendant's motion to dismiss. (ECF No. 27; *see* ECF No. 23). Plaintiff stated that, because the motion to dismiss relies on California law, he needed additional time to obtain California legal research materials from his institution of confinement. On May 4, 2021, the Court vacated its April 15, 2021 findings and recommendations to stay the action and granted Plaintiff an extension of time to file his opposition to Defendant's motion to dismiss. (ECF No. 28).

   On July 9, 2021, Plaintiff filed a second motion for extension of time, stating that his institution of confinement had denied him the ability to research California state law and that he

1

has filed a grievance relating to the denial, asserting that he needs "access to California case law and statutes" to be able "to mount a meaningful opposition." (ECF No. 29, p. 2). On July 13, 2021, the Court granted Plaintiff a second extension of time to file his opposition to Defendant's motion to dismiss, giving him 60 days to file his opposition to Defendant's motion to dismiss or a statement indicating that he no longer wishes to proceed with this action.

To date, Plaintiff has filed nothing, and his 60-day deadline has expired. Local Rule 230(l) provides that the failure "to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." Accordingly, under the local rule, the Court could grant the motion to dismiss based off Plaintiff's failure to file any opposition. *See Patel v. City of Los Angeles*, 791 F. App'x 688, 688 (9th Cir. 2020) (unpublished) (affirming district court's grant of motion to dismiss based off similarly worded local rule and Plaintiffs' failure to file an opposition brief).

However, given that Plaintiff is incarcerated and proceeding *pro se*, to ensure that Plaintiff has had a sufficient opportunity to respond, the Court will grant Plaintiff one final extension of time.[1]

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff has fourteen (14) days from service of this order to file and serve an opposition or a statement of non-opposition to Defendant's motion to dismiss.

2. If Plaintiff files an opposition, Defendant has seven days from the date the opposition is filed in CM/ECF to file and serve a reply to the opposition.

3. If Plaintiff fails to comply with this order, in ruling on Defendant's motion to dismiss, the Court may grant the motion based off Plaintiff's failure to file any opposition. \\\

\\\
\\\
\\\
\\\

---

[1] It is possible that Plaintiff no longer wishes to prosecute this case. The Court notes that Plaintiff recently dismissed a separate case against Defendant in Case No. 1:20-cv-999-DAD-EPG.

Alternatively, the Court may recommend that this case be dismissed for failure to prosecute and failure to comply with a court order.

IT IS SO ORDERED.

Dated:  **September 24, 2021**              /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE