UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE PETERSEN,<br><br>        Plaintiff,<br><br>    v.<br><br>MEKISHA BUYARD,<br><br>        Defendant. | No. 1:20-cv-00954-DAD-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT'S MOTION TO DISMISS BE GRANTED AND THAT THIS ACTION BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, PROSECUTE THIS CASE, AND COMPLY WITH COURT ORDERS<br><br>(ECF Nos. 23, 31, 33)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

    Plaintiff Kyle Petersen, a federal inmate proceeding *pro se* and *in forma pauperis*, filed this civil rights action on July 9, 2020, pursuant to 42 U.S.C. § 1983. (ECF No. 1). The complaint brings a single cause of action under the Fourth Amendment against Defendant Mekisha Buyard concerning the searches of Plaintiff's cell phones.

    On April 12, 2021, Defendant moved to dismiss this case, arguing that Plaintiff fails to state a Fourth Amendment claim. (ECF No. 23). Despite extending the deadline four times for Plaintiff to file a response, Plaintiff has failed to do so. (ECF Nos. 28, 30, 31, 33). On January 14, 2022, Defendant supplemented her motion, noting Plaintiff's failure to respond and "request[ing] that this Court dismiss this action due to Plaintiff's lack of opposition and failure to comply with . . . this Court's orders." (ECF No. 34, p. 2).

For the following reasons, the Court recommends that Defendant's motion to dismiss be granted and this action be dismissed, with prejudice, for failure to state a claim, prosecute this case, and comply with court orders.

## I. BACKGROUND

### A. Plaintiff's Complaint

Defendant Buyard was formerly Plaintiff's parole officer. (ECF No. 1, p. 1). Plaintiff's parole conditions included a "search clause" that subjected his person, his residence, and his property to searches "by a probation officer, an agent or officer of the California Department of Corrections and Rehabilitation, or any other peace officer at any time of the day or night, with or without a warrant, with or without cause." (*Id.* at 5).

Defendant seized Plaintiff's cell phone, a Unimax model, and sent it to Homeland Security Investigations (HSI), between May 23 and 26, 2017 to be searched. (*Id.* at 2). Between July 6 and September 23, 2017, Defendant sent four more of Plaintiff's cell phones to HSI to be searched. (*Id.* at 3). These cell phones were a Unnecto model, a ZTE model, a LG model, and a Coolpad model. (*Id.*).

HSI agents are federal agents and are not probation officers, agents or officers of the California Department of Corrections and Rehabilitation (CDCR), or peace officers under California law. (*Id.* at 5). Accordingly, Plaintiff claims that HSI was not authorized by his parole conditions to search his cell phones and thus the searches violated the Fourth Amendment. (*Id.*). Plaintiff alleges that Defendant facilitated this alleged violation of his Fourth Amendment rights by providing his cell phones to HSI agents and asking that they be searched. (*Id.* at 6).

Plaintiff refers to and requests the Court to take judicial notice of his criminal case in this district, *United States v. Petersen*, 1:17-cr-00255-NONE-SKO (Criminal Case).[1] (*Id.*).

### B. Criminal Case

On November 2, 2017, Plaintiff was indicted on federal child pornography charges in

---

[1] The Court may take judicial notice of court records. Fed. R. Evid. 201(b); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir.1980) (recognizing that under Federal Rule of Evidence 201, "a court may take judicial notice of its own records in other cases"). The Court will take judicial notice of its own records in other cases.

connection with the Unimax and LG cell phones. (Criminal Case, ECF No. 1). On October 8, 2018, Plaintiff, represented by counsel, filed a motion to suppress the Unimax and LG cell phones and the evidence found on them, claiming that HSI violated Plaintiff's Fourth Amendment rights by searching the cell phones after Plaintiff's parole had been formally revoked. (Criminal Case, ECF No. 24). Although the government initially opposed the motion, after further investigation, the government filed a non-opposition to the motion to suppress. (Criminal Case, ECF Nos. 25, 33). Based on the non-opposition and without additional analysis, the District Judge granted the motion to suppress and suppressed the evidence obtained by HSI from the Unimax and LG cell phones. (Criminal Case, ECF No. 35). Importantly, the District Judge observed that Defendant had preliminarily reviewed the cell phones' content before sending them to HSI and noted that Defendant's "on-site previews of the phones' contents [were] not suppressed." (*Id.*).

Thereafter, the government obtained a warrant for HSI to search both phones. (Criminal Case, ECF No. 38, Exhibits C &D). On March 4, 2019, Plaintiff moved to suppress the evidence gathered from Defendant's seizure and preliminary searches of his Unimax and LG cell phones during the parole searches and also the evidence seized from HSI's later search of the cell phones pursuant to the warrant that was issued. (*Id.* at 1-2). The government opposed the motion. (Criminal Case, ECF No. 41). On March 18, 2019, the District Judge denied the motion to suppress. (Criminal Case, ECF Nos. 46; 49, p. 19).

Thereafter, Plaintiff pled guilty to count one of the indictment, which charged him with receipt of material involving the sexual exploitation of matters concerning images found on his Unimax cell phone. (Criminal Case, ECF Nos. 1, 50, 67). The District Judge sentenced Plaintiff to a total term of 162 months in prison. (Criminal Case, ECF No. 67).

Plaintiff appealed, arguing, in relevant part, that the District Judge erred in denying his motion to suppress the evidence seized from his Unimax and LG cell phones from Defendant's parole searches and from HSI's searches pursuant to the warrant. *United States v. Peterson*, 995 F.3d 1061, 1063-64 (9th Cir.), *cert. denied*, 142 S. Ct. 472 (2021). The Ninth Circuit affirmed, concluding that, because Plaintiff had a "diminished privacy interest" as a parolee and had agreed that "his property could be searched at any time with or without a warrant," the District Judge had

"appropriately denied [his] motion to suppress with respect to the parole searches." *Id.* at 1068. The Ninth Circuit also rejected Plaintiff's attack on the legality of the HSI searches pursuant to the warrant.[2] *Id.*

## II.   MOTION TO DISMISS

Defendant moves to dismiss this case, arguing that the cell phones were legally searched.[3] (ECF No. 16). Specifically, Defendant argues that California law authorized HSI officers to assist Defendant in searching the cell phones and thus the searches were authorized under the conditions imposed by Plaintiff's parole.

Despite extending the deadline four times for Plaintiff to file a response to the motion to dismiss, Plaintiff has failed to timely do so. (ECF Nos. 28, 30, 31, 33). First, on May 3, 2021, Plaintiff filed a motion for an extension of time, requesting a sixty-day extension of the time to file an opposition to Defendant's motion to dismiss. (ECF No. 27). Plaintiff stated that, because the motion to dismiss relies on California law, he needed additional time to obtain California legal research materials from his institution of confinement. On May 4, 2021, the Court granted Plaintiff a sixty-day extension of time to file his opposition to Defendant's motion to dismiss. (ECF No. 28).

Second, on July 9, 2021, Plaintiff filed another motion for extension of time, stating that his institution of confinement had denied him the ability to research California state law and that he had sought an informal resolution relating to the denial, asserting that he needed "access to California case law and statutes" to be able "to mount a meaningful opposition." (ECF No. 29, p. 2). On July 13, 2021, the Court granted Plaintiff an additional sixty days to file an opposition to the motion to dismiss or a statement indicating that he no longer wished to proceed in this action. (ECF No. 30).

---

[2] In rejecting Plaintiff's attack on the legality of the HSI searches pursuant to the warrant, the Ninth Circuit noted that Plaintiff had waived an argument—that the cell phones "were reanalyzed utilizing previously captured forensic images"—and thus did not address this argument on appeal. *Peterson*, 995 F.3d at 1068.
[3] The Court recognizes that Defendant also argues that she is entitled to qualified immunity and that Plaintiff's claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (ECF No. 23, p. 20-24). However, given the Court's recommendation to dismiss based on Plaintiff's failure to state a claim, prosecute this case, and comply with court orders, the Court need not address these other issues.

1 Third, after sixty days passed without Plaintiff filing any response, the Court entered an order on September 24, 2021, *sua sponte* extending the deadline by another fourteen days for an opposition or a statement of non-opposition to Defendant's motion to dismiss. (ECF No. 31). The Court warned Plaintiff that failure to file anything may result in the Court granting the motion to dismiss or recommending that this case be dismissed for failure to prosecute and failure to comply with a court order.

Fourth, on October 8, 2021, Plaintiff filed a response to this Court's order, requesting another extension. (ECF No. 32). Plaintiff stated that between July 30, 2021, and August 10, 2021, he had submitted another request for a sixty-day extension of time to respond to the motion to dismiss because he had recently been placed in the special housing unit and did not have his property. On October 13, 2021, the Court granted Plaintiff's motion, giving Plaintiff an additional sixty days to file his opposition or a statement of non-opposition to Defendant's motion to dismiss. (ECF No. 33). As for Plaintiff's inability to access California state legal materials, the Court directed Plaintiff to file, within fourteen days, a list identifying the California state legal materials that he required to file his opposition brief and directed Defendant to file, fourteen days thereafter, a response indicating whether she was willing to provide such legal materials to Plaintiff to facilitate resolution of the motion to dismiss.

To date, Plaintiff has not filed a list of requested California state legal materials, nor has he filed his opposition or a statement of non-opposition to Defendant's motion to dismiss, and the time to do so has expired.

Given Plaintiff's lack of opposition, Defendant has supplemented her motion to dismiss, requesting that this case be dismissed for Plaintiff's lack of opposition and failure to comply with the Court's orders. (ECF No. 34, p. 2 (citing Fed. R. Civ. P. 41(b)).

### III. LEGAL STANDARDS

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007); *Hosp. Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976). The Court must also construe the alleged facts in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on*

*other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. *See Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). In addition, *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint. *See Iqbal*, 556 U.S. at 679. Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer*, 416 U.S. at 236 (1974).

**IV.  ANALYSIS**

    **A.  Legality of HSI Searches of Cell Phones**

Plaintiff's complaint argues that Defendant facilitated the illegal searches of his cell phones by sending them to HSI to be searched. However, HSI could not search the cell phones under the terms of his parole conditions because HSI agents are not probation officers, agents or officers of the CDCR, or peace officers under California law.[4]

Defendant argues that California law permitted HSI to assist her with the searches and thus the searches of the cell phones were permitted by Plaintiff's parole conditions. (ECF No. 23, p. 18). In reliance, she cites California Penal Code § 830.8(a)(3), which provides as follows: "Federal criminal investigators and law enforcement officers are not California peace officers, but may exercise the powers of arrest of a peace officer in any of the following circumstances: When requested by a California law enforcement agency to be involved in a joint task force or criminal investigation." Defendant points out that Plaintiff's complaint acknowledges that the searches of

---

[4] Notably, Plaintiff's complaint is directed to the initial warrantless searches of his cell phones by HSI in 2017, not the later searches by HSI conducted pursuant to the warrant.

1  Plaintiff's cell phones were carried out at the direction of Defendant who requested a forensic
2  analysis by HSI as part of her investigation team. (*Id.* (citing ECF No. 1, pp. 6-7)).
3      The Fourth Amendment provides:
4      The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants
5  shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be
6  seized.
7  U.S. Const. amend. IV.
8      "[T]he ultimate touchstone of the Fourth Amendment is 'reasonableness,'" and thus,
9  "[w]here a search is undertaken by law enforcement officials to discover evidence of criminal
10 wrongdoing, . . . reasonableness generally requires the obtaining of a judicial warrant." *Riley v.*
11 *California*, 573 U.S. 373, 381-82 (2014) (second alteration in original) (internal quotation marks
12 and citations omitted). "In the absence of a warrant, a search is reasonable only if it falls within a
13 specific exception to the warrant requirement." *Id.* at 382.
14     In *Riley*, the Supreme Court held that a warrant is generally required to search a cell phone
15 seized incident to arrest. 573 U.S. at 401, 403. In so holding, the Supreme Court recognized that
16 modern cell phones are "a pervasive and insistent part of daily life" with "vast quantities of
17 personal information" that "hold for many Americans 'the privacies of life.'" *Id.* at 385, 386, 403
18 (quoting *Boyd v. United States*, 116 U.S. 616, 630 (1886)). "The fact that technology now allows
19 an individual to carry such information in his hand does not make the information any less worthy
20 of the protection for which the Founders fought." *Riley*, 573 U.S. at 403.
21     The Ninth Circuit has held that the reasoning in *Riley* applies to warrantless, suspicionless
22 searches of probationers' cell phones, *United States v. Lara*, 815 F.3d 605, 612 (9th Cir. 2016),
23 but has declined to extend *Riley* to parolees, *United States v. Johnson*, 875 F.3d 1265, 1273-76
24 (9th Cir. 2017); *cf. United States v. Korte*, 918 F.3d 750, 756 (9th Cir. 2019) (holding that
25 warrantless placement of GPS tracker on parolee's car did not violate Fourth Amendment).
26     In declining to extend *Riley* to parolees, the Ninth Circuit explained that "status as a
27 parolee significantly diminishes one's privacy interests as compared to the average citizen."
28

1 *Johnson*, 875 F.3d at 1273. "'[P]arole is an established variation on imprisonment of convicted
2 criminals' and granted only 'on the condition that the prisoner abide by certain rules during the
3 balance of the sentence.' Parolees are thus subject to various state-imposed intrusions on their
4 privacy, including mandatory drug tests, meetings with parole officers, and travel restrictions." *Id.*
5 (quoting *Samson v. California*, 547 U.S. 843, 850, 851 (2006)). "California law also specifically
6 provides that all parolees shall be 'subject to search or seizure by a probation or parole officer or
7 other peace officer at any time of the day or night, with or without a search warrant or with or
8 without cause.'" *Johnson*, 875 F.3d at 1274. Thus, a warrantless search of a parolee's cell phone
9 pursuant to applicable state law is not unreasonable and does not violate the Fourth Amendment.
10 *See id.* at 1274-75.

11 However, a parole search is reasonable and proper only if it complies with applicable state
12 law. *United States v. Garcia-Cruz*, 978 F.2d 537, 541 (9th Cir. 1992) ("A parole search is proper
13 if conducted in a manner consistent with state law."). "Only after the meaning and scope of a
14 [parole] search clause are determined, under state law, does the federal Fourth Amendment
15 analysis begin." *United States v. King*, 736 F.3d 805, 807 n.3 (9th Cir. 2013); *accord United*
16 *States v. Cervantes*, 859 F.3d 1175, 1183 (9th Cir. 2017), *as amended on denial of reh'g and*
17 *reh'g en banc* (Sept. 12, 2017) ("A search of a parolee that complies with the terms of a valid
18 search condition will usually be deemed reasonable under the Fourth Amendment.").

19 Notably, the California Court of Appeals has found a similar search to the one conducted
20 here to be permissible under state law. In *People v. Royal*, the appellant argued that the
21 attachment of a GPS tracking device by FBI agents was unlawful "because they were not peace
22 officers and only peace officers may conduct parole searches." No. 2D CRIM. B241841, 2013
23 WL 3777147, at *4 (Cal. Ct. App. July 18, 2013) (unpublished) (citing § 830.8). While initially
24 noting that this argument was waived, the California Court of Appeals went on to determine that
25 it "lacks merit because Detective Claytor, who was a peace officer, was acting in concert with the
26 FBI agents and authorized the attachment of the GPS tracking device." *Id.*

27 The same holds true here. As Plaintiff acknowledges in his complaint, "Defendant
28 provided HSI with an opportunity to search the cell phones, requesting their assistance" as part of

8

Defendant's "investigation team." (ECF No. 1, p. 6, 7). Plaintiff does not dispute that Defendant, his parole officer, was authorized under his parole conditions to conduct parole searches. And, like in *Royal*, Defendant was permitted under § 830.8(a)(3) to request the search of Plaintiff's cell phones by HSI as part of joint investigation. Accordingly, Defendant did not violate Plaintiff's Fourth Amendment rights by providing the cell phones seized pursuant to the terms of Plaintiff's parole to HSI as part of a joint criminal investigation.

### B. Failure to Prosecute and Comply with Court Orders

Noting Plaintiff's lack of opposition to the motion to dismiss, Defendant has supplemented her motion and requests that this case be dismissed for Plaintiff's lack of opposition and failure to comply with the Court's orders under Federal Rule of Civil Procedure 41(b). (ECF No. 34, p. 3).

Rule 41(b) provides as follows: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." "In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this first factor weighs in favor of dismissal here.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* Here, Plaintiff has failed to file any opposition to the motion to dismiss despite four extensions of time and the Court's orders requiring him to do so. (ECF Nos. 28, 30, 31, 33). Notably, Plaintiff has not filed anything in this case since his last extension request on October 8, 2021. (ECF No. 32). Accordingly, his failure to participate is delaying this case.

9

Moreover, such failure to respond to the Court's orders indicates that Plaintiff has no intention of pursuing this case. And, allowing this case to proceed further, without any indication that Plaintiff wishes to prosecute this action, would waste judicial resources. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to prosecute this case and comply with the Court's orders that is causing delay and preventing this case from progressing. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and fails to comply with the Court's orders, despite being warned of possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering Plaintiff's *in forma pauperis* status. And given the stage of these proceedings, the preclusion of evidence or witnesses is not available. While the Court has considered the lesser sanction of dismissal without prejudice, the Court recommends dismissal with prejudice given the amount of time this case has been pending, Plaintiff's abandonment of this case, and Defendant's pending motion to dismiss on the merits.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Pagtalunan*, 291 F.3d at 643.

**V.     CONCLUSION AND RECOMMENDATIONS**

Accordingly, IT IS HEREBY RECOMMENDED as follows:

1)     Defendant's motion to dismiss (ECF No. 23) be GRANTED;

2)     Plaintiff's complaint be dismissed with prejudice for failure to state a claim, prosecute this case, and comply with court orders; and

3)     The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States District Judge

assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 4, 2022**     /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE